IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Lisa Shepherd, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. |
| Franklin Collection Service, Inc., a Mississippi corporation, | ) ) ) ) | 1:11-cv-0230 WTL -TAB |
| Defendant. | ) | Jury Demanded |

**COMPLAINT -- CLASS ACTION**

Plaintiff, Lisa Shepherd, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that the form of Defendant's debt collection letter violates the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Lisa Shepherd ("Shepherd") is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed to AT&T for telephone services.

1

4.  Defendant, Franklin Collection Service, Inc. ("Franklin"), is a Mississippi corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts, including delinquent consumer debts, in the Southern District of Indiana, and was acting as a debt collector as to the AT&T debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.  Defendant Franklin sent Ms. Shepherd an initial form collection letter, dated January 19, 2011, demanding payment of a $243.59 debt she allegedly owed to AT&T. This form letter set forth a "CASE NUMBER" and further stated, in pertinent part:

* * *

> IF YOU ARE NOT PAYING THIS ACCOUNT IN FULL, PLEASE CONTACT YOUR ATTORNEY REGARDING OUR POTENTIAL REMEDIES, AND YOUR DEFENSES, IF ANY OR CALL (888) XXX-XXXX.
> ****IT WILL BE PURSUED TO A CONCLUSION!****

* * *

> ... HAVE YOUR CASE NUMBER AND CHECKING ACCOUNT NUMBER READY WHEN YOU CALL OR YOU MAY PAY BY CREDIT CARD BY COMPLETING THE BACK SIDE OF THIS NOTICE.

* * *

A copy of this letter is attached as Exhibit A.

6.  Neither Franklin, nor its client, AT&T, file lawsuits to collect upon such small sums, nor was Franklin going to pursue collection of this debt to any sort of "conclusion" – other than sending out the collection letter at issue.

7. The statements in Defendant's form collection letter are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F.3d 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996)).

## Violation of § 1692e Of The FDCPA --
## False Threat Of A Lawsuit Or Further Collection Action

8. Section 1692e of the FDCPA prohibited Defendant Franklin from making any false, deceptive or misleading statements while attempting to collect debts. Moreover, § 1692e(5) of the FDCPA prohibits debt collectors from making any threat "to take any action … that is not intended to be taken".

9. Defendant Franklin's letter violates § 1692e of the FDPCA by falsely threatening, or even mentioning, litigation – including a purported "case number", telling Plaintiff to consult their attorney about Franklin's "REMEDIES", and threatening to pursue collection to a "CONCLUSION" -- when neither Franklin, nor its client, AT&T, files suit to collect small sums like those owed by Plaintiff, nor does Franklin "pursue" anyone any further than sending out the form letter at issue.

10. Defendant Franklin's violations of § 1692e of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

11. Plaintiff, Lisa Shepherd, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a delinquent consumer debt owed to AT&T, from one year before the date of this Complaint to the present, via the same collection letter that

is attached as Exhibit A. This action seeks a finding that the form of Defendant's collection letter violates the FDCPA, and asks that the Court award statutory damages as authorized by § 1692k (a)(2) of the FDCPA.

12. Defendant regularly engages in debt collection using the same form letter received by Shepherd in its attempts to collect delinquent debts from other consumers.

13. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts by sending other consumers the same form letters it sent to Plaintiff Shepherd.

14. The Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

15. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

16. Plaintiff Shepherd will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action

complaint will not require extended contact with the members of the Class because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Lisa Shepherd, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff as Class Representatives of the Class, and her attorneys as Class Counsel;

3. Find that the form of Defendant's collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Lisa Shepherd, individually and on behalf of all others similarly situated, demand trial by jury.

Lisa Shepherd, individually and on behalf of all others similarly situated,

By: _____
One of Plaintiff's Attorneys

Dated: February 15, 2011

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert
Americenters Building
11805 N. Pennsylvania Street
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com